CASE 53—MANDAMUS—NOVEMBER 14.

# Wulftange v. McCollom, Clerk, &c.

83   361
d123   612

### APPEAL FROM KENTON CIRCUIT COURT.

1. CONSTITUTIONAL LAW—TITLE OF ACT.—An act of the Legislature, entitled "An act to amend the charter of the city of Covington," which prescribes, among other things, conditions upon which deeds. may be recorded in the office of the clerk of the county court, and imposes upon that officer a penalty for doing what it is made his duty to do by the general law regulating conveyances, is, *to that extent*, unconstitutional, as these subjects do not relate to municipal government, and are, therefore, not expressed in the title.
2. MANDAMUS LIES to compel the clerk of the county court to record an instrument which it is made by statute his duty to record.

J. F. & C. H. FISK FOR APPELLANT.

The act is unconstitutional. Its title gives no notice of an intent to provide for the recording of deeds to land. (Cooley's Constitutional Limitations, side pages 142, 144, 147, 149, 151; Constitution of Kentucky, article 2, section 37; article 4, section 30; article 6, section 1; article 13, section 20; General Statutes, chapter 24, sections 2, 8, 9, 14, 21, 23, 31; Jones v. Thompson, 12 Bush, 394; Howell & Clendenning v. Bristol, 8 Bush, 493.)

H. J. GANSEPHOL ON SAME SIDE.

W. H. MACKOY FOR APPELLEE.

1. The Legislature has the power to pass an act of registration which shall be local in its operation. (Johnson v. Higgins, 3 Met., 566; City of Covington v. Voskotter, 80 Ky., 219; Buckner v. Gordon, 5 Ky. Law Rep., 816.)
2. The act in question is not in violation of section 37 of article 2 of the Constitution. The ultimate end to be attained is to be looked at, and not the details leading to that end. (1 Dillon on Municipal Corporations, section 28 (second edition); Cooley's Const. Limit., side pages 143, 144; School District of Ackley v. Hall, 19 Reporter, 260; Montclair v. Ramsdell, 107 U. S., 147; Phillips v. Cov. and. Cin. Bridge Co., 2 Met.. 219; Johnson v. Higgins. 3 Met., 566; Smith v. Commonwealth, 8 Bush, 108; Collins v. Henderson, 11 Bush, 74; Hoke v. Commonwealth, 79 Ky., 567, 573; City of Covington v. Voskotter, 80 Ky., 219, 221.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is a proceeding by appellant in the Kenton

Circuit Court for a writ of mandamus, command-
ing appellee, Clerk of the Kenton County Court, to
record a deed by which was conveyed to him the
absolute title to a lot of land in the city of Cov-
ington.

In his petition, appellant states substantially, as
the cause and ground of the application, that May
21, 1884, Holoway and wife executed the deed men-
tioned, and in due form of law acknowledged it
before appellee as Clerk of the Kenton County Court,
as shown by his official certificate indorsed thereon.
And that on the same day he produced and lodged
the deed thus executed and acknowledged by the
grantors in the clerk's office for record, paid to ap-
pellee the tax for recording required in such cases,
and the following indorsement was thereupon made
on it: "Left for record May 21, 1884. J. J. McCol-
lom, Clerk." But that afterwards appellee refused
to record or to permit the deed to remain in the
office for record, and returned it to appellant with
the following indorsement on it: "Record refused
on account of deed not being indorsed by city aud-
itor, May 23, 1884. Attest: J. J. McCollom, Clerk."

It is further stated in the petition that appellee
refused to record the deed upon the sole ground
that appellant had not complied with the provisions
of an act, entitled "An act to amend the charter of
the city of Covington," approved April 28, 1884.

Taking the statements of the petition as true, it
is clear that appellee in refusing to record the deed
omitted to perform a ministerial act enjoined by
chapter 24, General Statutes, and, therefore, appel-

lant was entitled to the writ of mandamus applied for by him, and the lower court erred in sustaining the demurrer to his petition, if the provisions of the General Statutes regulating conveyances of real estate are to govern exclusively in this case, and that depends upon the validity of the act, the title of which we have quoted; sections 3 and 4 thereof being as follows:

"§ 3. The auditor of the city of Covington shall, on application and presentation to him of title, with the proof which may be necessary and proper in each case, or the proper order of a court, transfer upon the transfer book kept by him in his office, any land or town lot, or part thereof, within the city of Covington charged with taxes upon the tax duplicate of said city from the name in which it stands into the name of the owner, when rendered necessary by any conveyance, partition, devise or otherwise; and if by reason of the conveyance or otherwise, a part only of any tract or lot as charged on the tax list is to be transferred, the party or parties desiring the transfer shall make satisfactory proof of the value of such part as compared with the valuation of the whole, as charged on the tax duplicate, before the transfer is made; but in no case shall any transfer be made by said auditor upon said transfer book of any deed of absolute conveyance of lands or lots in said city, until the city taxes since 1879 due and payable upon the land, lot, or part of lot whose transfer is desired have been paid in full, and proof of that fact has been made to the auditor by the produc-

tion of tax receipts, or the certificate of the city
collector, or the city treasurer, or other legal evi-
dence. The certificate of the auditor upon the deed
or other evidence of title presented to him that the
proper transfer of the real estate therein described
has been made in his office, shall authorize the
county clerk of the county of Kenton to admit
such deed to record.''

'' § 4. No deed of absolute conveyance of land or
lots in said city of Covington shall be admitted to
record by the county clerk of Kenton county until
the same has been presented to the auditor of the
city of Covington, and by him indorsed ''trans-
ferred,'' or ''transfer not necessary.'' If the clerk
of said county court shall admit to record any deed
of absolute conveyance not so indorsed, he shall
forfeit and pay to the city of Covington the sum
of ten dollars in each case, to be recovered by said
city by suit in the mayor's court thereof.''

Counsel for appellant contends that the act in
question is invalid, because passed in violation of
section 37, article 2 of the Constitution, which is as
follows: ''No law enacted by the General Assembly
shall relate to more than one subject, and that shall
be expressed in the title.''

As held by this court in Philips v. Covington and
Cincinnati Bridge Co., 2 Met., 219, such a construc-
tion should be given to the clause ''as is necessary
to render it effectual in accomplishing the object for
which it was designed; but it should not be so con-
strued as to restrict legislation to such an extent as
to render different acts necessary where the whole

subject-matter is connected, and may be properly embraced in the same act."

The object of that clause was to prevent the enactment of any law under a deceptive title, or that embraces subjects having no obvious relation to each other, and which, in their nature, are diverse and unconnected; but, as heretofore held by this court, only so much of such an act is invalid as is not indicated by the title, such parts as do conform thereto being regarded as operative.

The question then arises whether the act we are now considering embraces more than one subject in the meaning of the Constitution? And if it does, whether the subject of the two sections quoted is expressed in or indicated by the title?

The whole of the act, except those two sections, appears to relate to subjects connected with the municipal government of the city of Covington, and such as are usually, and may legitimately be, embraced in a city charter or acts amendatory of it; but sections 3 and 4 relate to the conveyance of real estate situated in the city of Covington, a subject which, from the organization of the State government, has been regulated by general laws, intended to be uniform in their operation, and which it is of vital importance should be stable and certain.

It never has been the policy of this State, nor should it be of any government, to impose restraints upon alienation of real estate by deed made in good faith. On the contrary, one of the principal objects of the creation of the office of county court clerk by the Constitution was to facilitate such transfers, and

to perpetuate evidence of title to real property; and by general laws existing from the beginning, and modified from time to time, only to more effectually carry out the object, such clerk, in every county, is required, under penalties, to record all deeds conveying real estate presented to him for the purpose, as the deed in question was presented by appellant.

But sections 3 and 4 of the act not only prescribe conditions upon which deeds may be recorded in the office of the clerk of the Kenton County Court, extraordinary in their nature, and in many cases impossible to be complied with, but impose a penalty upon a constitutional officer for doing what it is made his duty to do by the general laws regulating conveyances.

Whether, if the provisions contained in the two sections referred to were embodied in a separate act, and expressed in the title thereof, they would be valid, need not be decided; but it seems clear to us that the subject of recording deeds to real estate in the clerk's office of the Kenton County Court has no relation to or connection with the municipal government of the city of Covington, and that the title of the act before us is not such as would fairly apprise the people, or the members who vote on it, that it contained provisions requiring the approval of the city auditor of Covington as a condition of recording such deeds, and imposing penalties upon the clerk who does so without such approval.

The issuing of marriage licenses, or recording last wills and testaments by the same officer, would have been as fit subjects of the act, and as readily suggested by its title as the recording of deeds.

The judgment is reversed, and cause remanded, with directions to the lower court to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.